**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

MARINA SMITH,                          )
                                       )
    Plaintiff,                         )
                                       )
v.                                     )    Case No. 05-1082
                                       )
CATERPILLAR INC.,                      )
                                       )
    Defendant.                         )

## ORDER

Before the Court is Plaintiff, Marina Smith's Motion to Reconsider the Order of February 7, 2006 [Doc. #26], granting summary judgment in favor of Defendant, Caterpillar Inc.

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Caisse Nationale de Credit v. CBI Indus., 90 F.3d 1264, 1269 (7th Cir. 1996). Furthermore, it is not appropriate to argue matters that could have been raised in prior motions or rehash previously rejected arguments in a motion to reconsider. See id. at 1270. A Rule 59(e) motion should be granted if there exists "a manifest error of law or fact," so as to enable "the court to correct its own errors and thus avoid unnecessary appellate procedures." Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996).

In her motion, Smith attempts to point the Court to additional factual assertions contained in her deposition

testimony in which she believes create a genuine issue of material fact for trial. She further attempts to raise new claims that had not previously been asserted. Finally, Smith attempts to present evidence that she purports to be "newly discovered" in support of her claims.

However, Smith's additional factual assertions do nothing to create a genuine issue of material fact and in most instances simply bolsters the Court's conclusion that she was not disabled within the meaning of the Americans with Disabilities Act ("ADA") and was not qualified to perform the essential functions of her job (with or without reasonable accommodations). Furthermore, the additional claims that Smith is now attempting to advance should have been raised during the pleading stage. Last, Smith's so-called "newly discovered evidence" either simply restates facts which this Court has already considered or again does nothing to create a genuine issue of material fact for trial.

Accordingly, Smith's Motion to Reconsider [Doc. #26] is DENIED.

Entered this  4th  day of April, 2006.

                                    _/s/ Joe B. McDade___
                                       JOE BILLY McDADE
                                    United States District Judge